UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| FRED MESSICK, as sole proprietor of Monteagle Truck Center, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:19-cv-45-JRG-SKL |
| LT. DANIEL RUSKEY, *et al.*, | ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| CASSIE KILGORE, as sole proprietor of Rocky Top Wrecker Service, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:19-cv-55-JRG-SKL |
| DANIEL RUSKEY, *et al.*, | ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| RODNEY KILGORE, doing business as Monteagle Wrecker Service, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:19-cv-180-JRG-SKL |
| LT. DANIEL RUSKEY, *et al.*, | ) ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court are Defendants' motions to strike supplemental responses filed by

Plaintiffs in these consolidated cases.[1]  Defendants' motions to strike and supporting memoranda are filed at Docket No. 150 and 151 in Case No. 1:19-cv-45; at Docket No. 136 and 137 in Case No. 1:19-cv-55; and at Docket No. 153 and 154 in Case No. 1:19-cv-180.  In the motions, Defendants seek to strike Plaintiffs' supplemental responses to Defendants' motions for summary judgment.  Plaintiffs filed responses to Defendants' motions to strike [Doc. 152 in Case No. -45; Doc. 138 in Case No. -55; Doc. 155 in Case No. -180].  Defendants did not file replies, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a).  The motions will be **DENIED**.

Some context is necessary.  Defendants filed motions for summary judgment on October 9, 2020.  On October 22, Plaintiffs filed motions seeking an extension of time, until November 14, to file their responses to the motions for summary judgment.  Before the motions were ripe and the Court could rule on the extension request motions (because Defendants' time to respond had not expired), Plaintiffs filed their responses to Defendants' motions for summary judgment.  On November 6, the Court entered an Order granting Plaintiffs' extension request motions, noting that Defendants had not responded to the motions thus waiving any opposition to the requested relief, finding that Plaintiffs had already filed their responses to Defendants' motions for summary judgment, and holding that to the extent the responses were filed past the deadline, the responses were deemed timely.  Then, on November 13, Plaintiffs filed "supplements" to their responses to Defendants' motions for summary judgment.  These are the supplemental responses Defendants seek to strike in the instant motions.  Defendants assert the supplemental responses violate Eastern District of Tennessee Local Rule 7.1(d).

It is apparent to the Court that the parties have failed to consult with each other on what

---

[1] Defendant Glenn Matthews from Case No. -180 does not appear to have joined in the motions to strike or the motions for summary judgment.

2

should be a simple and routine matter. Had Plaintiffs' original extension request motions been filed jointly with Defendants after prefiling consultation (or had timely notice been given that they were unopposed), the Court could have addressed the extension requests quickly, thereby allowing Plaintiffs to file one response to Defendants' motions for summary judgment containing all of their arguments, and Defendants to file one reply. The parties' failure to exercise basic professional courtesy has caused a significant waste of judicial time and effort, and the Court expects the parties to work together more cooperatively as this case progresses.

Regardless, given the convoluted history of the summary judgment briefing, and in the interest of allowing the presentation of Plaintiffs' full arguments, the Court will allow Plaintiffs' November 13 supplemental responses to be included as part of the record on summary judgment. Accordingly, the motions to strike [Doc. 150 in Case No. 1:19-cv-45; Doc. 136 in Case No. 1:19-cv-55; Doc. 180 in Case No. 1:19-cv-180] are **DENIED**.

To address any possible prejudice, however, the Court will permit, but not require, Defendants to file a supplemental reply in support of their motions for summary judgment, within **SEVEN DAYS** of entry of this Order. Any such reply shall not exceed five pages and shall only address the arguments raised in Plaintiffs' supplemental responses.

SO ORDERED.

ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE